# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALAN TARASOV,<br><br>       Petitioner,<br><br>       v.<br><br>FACILITY DIRECTOR, MESA VERDE ICE PROCESSING FACILITY,<br><br>       Respondent. | Case No. 1:26-cv-00450-JLT-EPG-HC<br><br>ORDER REGARDING NEXT FRIEND STANDING |

**I.**

**BACKGROUND**

On January 20, 2026, Mariia Tarasova filed a petition for writ of habeas corpus on behalf of her son, Dalan Tarasov, who is an immigration detainee currently housed at the Mesa Verde ICE Processing Facility. (ECF No. 1.) Attached to the petition is an authorization letter signed by Dalan Tarasov that states: "I authorize my mother, Mariia Tarasova, to act as my next friend and file a habeas corpus petition on my behalf." (ECF No. 1 at 7.[1])

**II.**

**DISCUSSION**

"'[N]ext friends' appear in court on behalf of detained prisoners who are unable, usually because of mental incompetence or inaccessibility, to seek relief themselves." Whitmore v.

---

[1] Page numbers refer to the ECF pagination stamped at the top of the page.

1

Arkansas, 495 U.S. 149, 162 (1990) (citing United States ex rel. Toth v. Quarles, 350 U.S. 11, 13, n.3 (1955)). However, "'next friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." Whitmore, 495 U.S. at 163. In order to establish standing, the next friend must: (1) "provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action"; and (2) "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." Whitmore, 495 U.S. at 163 (internal citations omitted). "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." Id. at 164.

"[C]ourts have routinely adhered to the general rule prohibiting *pro se* plaintiffs from pursuing claims on behalf of others in a representative capacity." Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008) (collecting cases). See Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997) ("[A] non-lawyer 'has no authority to appear as an attorney for others than himself." (quoting C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987)); C.E. Pope Equity Trust, 818 F.2d at 697 ("Although a non-attorney may appear *in propia persona* in his own behalf, that privilege is personal to him.").

"Although the federal habeas corpus statute permits a 'next friend' to pursue a habeas action on behalf of another in certain circumstances, see 28 U.S.C. § 2246, the statute does not authorize the 'next friend' to proceed without an attorney." United States v. Caputo, No. 1:14-cr-00041-JLT-SKO-1, 2023 WL 5207318, at *5 (E.D. Cal. Aug. 14, 2023). See Hinojosa v. Warden, SATF/SP, No. 2:22-cv-1780 DB P, 2023 WL 2874169, at *2 (E.D. Cal. Apr. 10, 2023) ("[E]ven if Mr. Bland's motion for 'next friend' status were granted, he would have to be represented by counsel in order to proceed as a 'next friend' because pro se litigants have no authority to represent anyone other than themselves."), report and recommendation adopted, 2023 WL 4711303 (E.D. Cal. July 24, 2023). Additionally, the Local Rules of Practice for the United States District Court, Eastern District of California provide in pertinent part:

> Any individual who is representing himself or herself without an attorney must appear personally or by courtesy appearance by an attorney admitted to the Bar of this Court and may not delegate

that duty to any other individual, including husband or wife, or any other party on the same side appearing without an attorney. Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules. A corporation or other entity may appear only by an attorney.

L.R. 183(a).

"Thus, in an action in which the sole plaintiff is incapacitated and cannot proceed pro se, the plaintiff must be represented by competent counsel, or alternatively, the action must be dismissed without prejudice." Complot v. JP Morgan Chase Bank, No. CV-23-02348-PHX-DWL, 2023 WL 8234271, at *3 (D. Ariz. Nov. 28, 2023) (citing Johns v. Cnty. of San Diego, 114 F.3d 874, 877 (9th Cir. 1997)).

Assuming that Ms. Tarasova qualifies for next-friend status, which would permit her to initiate the instant petition, it does not allow her to prosecute this action *pro se* on her son's behalf. Therefore, either: (1) Ms. Tarasova must secure licensed counsel to proceed, or (2) Mr. Tarasov must notify the Court in writing that he will appear on his own behalf to prosecute this habeas action. Otherwise, the petition will be dismissed without prejudice.

## III.

## ORDER

Based on the foregoing, the Court HEREBY ORDERS that:

1. Within **FOURTEEN (14) days** of the date of service of this order, Mariia Tarasova SHALL FILE with the Court Petitioner Dalan Tarasov's A-number and mailing address;

2. Within **FORTY-FIVE (45) days** from the date of service of this order, **either**:

    (a) Dalan Tarasov must notify the Court in writing that going forward, he will appear on his own behalf to prosecute this habeas action; **OR**

    (b) Mariia Tarasova must secure licensed counsel and said counsel shall file a notice of appearance in this matter.

///

3

3.  The Clerk of Court is DIRECTED to send Mariia Tarasova two copies of this order.[2]

4.  Failure to comply with this order will result in a recommendation of dismissal for failure to comply with a court order.

IT IS SO ORDERED.

Dated:    **January 23, 2026**                    /s/ *Erica P. Grosjean*

UNITED STATES MAGISTRATE JUDGE

---

[2] The Court requests that to the extent practicable Ms. Tarasova forward a copy of this order to her son. Additionally, when the Court receives Dalan Tarasov's A-number and mailing address from Ms. Tarasova, the Court will serve the order on Mr. Tarasov.